EXHIBIT A

Shawn C. Westrick (SBN No. 235313)
swestrick@westricklawfirm.com
The Westrick Law Firm, P.C.
11075 Santa Monica Blvd., Ste. 125
Los Angeles, California 90025
Telephone: (310) 746-5303
Facsimile: (310) 943-3373

Attorneys for Plaintiff and Class Members

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK PRADO, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC., a Delaware corporation, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:17-cv-05630-AB-KK<br><br>[Assigned to the Hon. Michael Fitzgerald]<br><br>**PLAINTIFF'S SECOND SET OF INTERROGATORIES** |

PROPOUNDING PARTY:       PLAINTIFF MARK PRADO

RESPONDING PARTY:        DEFENDANT WAL-MART STORES, INC.

SET NO:                  TWO

TO DEFENDANT WAL-MART STORES, INC. ("WAL-MART") AND TO ITS ATTORNEYS OF RECORD:

Plaintiff MARK PRADO ("Plaintiff") hereby requests that Defendant WAL-MART respond fully, separately, and under oath, pursuant to the provisions of Federal Rules of Civil Procedure, Rule 33, to the following Interrogatories within thirty days after service.

## DEFINITIONS

A.      The term "COMMUNICATION" means all written and oral communications, including, without limitation, correspondence, memoranda, face-to-face conversations, meetings, conferences, and telephone conversations, and includes the receipt or furnishing of DOCUMENTS.

B.      The term "COVERED EMPLOYEES" means and refers to all persons EMPLOYED by YOU in the State of California within the RELEVANT TIME PERIOD, as assistant store managers or those positions with similar duties and/or similar titles who had YOUR applications added to their cell phones.

C.      The terms "DEFENDANT," "YOU," "YOUR," and "YOURS" mean and/or refer to WAL-MART and its present and former officers, directors, managing agents, parent corporation, subsidiaries, and/or affiliates, attorneys, investigators and all persons who are acting or have acted on WAL-MART'S behalf.

D.      The terms "EMPLOY" or "EMPLOYED" mean to engage, suffer, or permit to work, regardless of whether the employee is required to do so, as set forth in Industrial Welfare Commission Wage Orders.

E.      The term "RELEVANT PERIOD" means the time period from four years before the filing of the COMPLAINT through the present date.

## INSTRUCTIONS

A.      In answering these Interrogatories, YOU are required to furnish all information in YOUR possession, custody or control, which includes information in

-1-

1  possession of YOUR attorneys, other PERSONS directly employed by YOU or
2  YOUR attorneys, or anyone else acting on YOUR behalf or otherwise subject to
3  YOUR control.

4       B.    If YOU cannot answer any Interrogatory in full, answer it to the extent
5  possible, explain why YOU cannot answer the remainder, and state the nature of the
6  information or knowledge YOU cannot furnish.

7                        **INTERROGATORIES**

8  **INTERROGATORY NO. 9:**
9       Describe YOUR relationship with AirWatch.

10 **INTERROGATORY NO. 10:**
11      Describe which of YOUR applications AirWatch granted access to during the
12 RELEVANT TIME PERIOD.

13 **INTERROGATORY NO. 11:**
14      Identify (by name, address and telephone number) which of YOUR employees
15 has the most knowledge of AirWatch during the RELEVANT TIME PERIOD.

16 **INTERROGATORY NO. 12:**
17      Identify (by name, address and telephone number) which COVERED
18 EMPLOYEES you authenticated to use AirWatch.

19 **INTERROGATORY NO. 13:**
20      Describe any paperwork COVERED EMPLOYEES had to fill out in order to
21 participate in YOUR BYOD policy.

22 **INTERROGATORY NO. 14:**
23      Describe any paperwork COVERED EMPLOYEES received after agreeing to
24 participate in YOUR BYOD policy.

25
26
27
28

DATED:  January 23, 2018          THE WESTRICK LAW FIRM PC

By: _____
      SHAWN C. WESTRICK
      Attorneys for Plaintiff and Class Members

# PROOF OF SERVICE

I am employed in the **County of Los Angeles, State of California.** I am over the age of 18 and not a party to this action; my current business address is **11075 Santa Monica Blvd., Suite 125, Los Angeles, CA 90025.**

On January 23, 2018, I served the foregoing document(s) described as:

**PLAINTIFF'S SECOND SET OF INTERROGATORIES**
**PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

on the interested parties in this action as follows:

x     BY THE FOLLOWING MEANS:
By US Mail to the following persons:

James R. Evans, Jr.
Ian A. Wright
Alston & Bird LLP
333 South Hope Street, 16th Floor
Los Angeles, CA 90071

x     BY US MAIL
     x     I placed the envelope(s) with postage thereon fully prepaid in the United States mail, at **Los Angeles, California.**

     ___     I am readily familiar with the firm's practice of collection and processing correspondence for personal service; I made the delivery to the attorney personally.

x     Executed on **January 23, 2018**, at **Los Angeles, California.**

x     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

x     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Caitlin White

PROOF OF SERVICE

EXHIBIT B

JAMES R. EVANS, JR. (SBN 119712)
JESUS (JESSE) M. JAUREGUI (SBN 129586)
IAN A. WRIGHT (SBN 271957)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071-1410
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
james.evans@alston.com
jesse.jauregui@alston.com
ian.wright@alston.com

Attorney for Defendant
**WAL-MART STORES, INC.**

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK PRADO, individually, and on behalf of other members of the general public similarly situated,<br><br>          Plaintiff,<br><br>      v.<br><br>WAL-MART STORES, INC., a Delaware corporation, and DOES 1-10, inclusive,<br><br>          Defendant. | Case No.: **2:17-cv-05630-AB-KKx**<br><br>PUTATIVE CLASS ACTION<br><br>[Removal from the Superior Court of the State of California, County of Los Angeles, Case No. BC666295]<br><br>**DEFENDANT WAL-MART STORES, INC.'S RESPONSES TO PLAINTIFF MARK PRADO'S INTERROGATORIES, SET TWO**<br><br>Complaint Filed: June 23, 2017<br>Case Removed: July 28, 2017<br>Trial Set: January 29, 2019 |

**PROPOUNDING PARTY:**    **PLAINTIFF MARK PRADO**

**RESPONDING PARTY:**    **DEFENDANT WAL-MART STORES, INC.**

**SET NUMBER:**    **TWO**

/ / /

/ / /

/ / /

/ / /

DEFENDANT'S RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET TWO

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Wal-Mart Stores, Inc. ("Defendant" or "Wal-Mart") hereby responds to Plaintiff Mark Prado's ("Plaintiff") second set of Interrogatories.

## INTRODUCTION

The responses below, while based on diligent investigation and reasonable inquiry by Defendant and its counsel, reflect only the current state of Defendant's knowledge, understanding and belief with respect to the matters addressed, based upon its investigation to date. Defendant's discovery, investigation and preparation for trial are not yet complete and are continuing as of the date of this response. Defendant anticipates that, as this action proceeds, it may discover additional information and/or documents and, without obligating itself to do so, Defendant reserves the right to continue its discovery and modify or supplement these responses with such pertinent information and/or documents as it may reasonably discover.

Further, these responses are given without prejudice to Defendant's right to rely on or use at trial subsequently discovered information or documents, or information or documents omitted from these responses as a result of mistake, oversight, inadvertence or other reasons. Defendant reserves the right to produce or provide additional information or documents as evidence at trial and to object on appropriate grounds to the introduction of all or any of these responses.

## PRELIMINARY STATEMENT

1. Defendant objects to each of the definitions and the individual Interrogatories to the extent that they purport to impose any obligation on Defendant greater than or different from that imposed by the Federal Rules of Civil Procedure and/or other applicable law, rules or orders of this Court.

2. The responses herein are made solely for the purpose of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on the ground which

1

DEFENDANT'S RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET TWO

would require the exclusion from evidence of any statement herein if any document request were asked of, or any statements contained herein were made by a witness present and testifying in Court, all of which objections and grounds are expressly reserved and may be interposed at trial.

3. No incidental or implied admissions are intended by the responses herein. The fact that Defendant has responded or not objected to any Interrogatories or part thereof shall not be deemed an admission that responding party accepts or admits the existence of any facts set forth or assumed by such Interrogatories, or that such response or objections constitutes admissible evidence. The fact that Defendant has answered part of or all of any Interrogatories is not intended to and shall not be construed as a waiver by Defendant of any part of any objection to any Interrogatories.

4. Defendant objects to the specially defined term "COVERED EMPLOYEES" on the grounds that it is compound, vague, ambiguous, overbroad, unduly burdensome and seeks information that is not likely to produce substantiation of the class allegations in Plaintiff's complaint. Defendant also objects to the specially defined term "COVERED EMPLOYEES" to the extent that it calls for electronically stored information that Defendant does not keep in the ordinary course of business and does not ordinarily maintain in a reasonably usable form.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 9:**

Describe YOUR relationship with AirWatch.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to this interrogatory on the ground that it is vague and ambiguous because the interrogatory does not specify what aspect of the connection between Defendant and AirWatch it seeks to identify or define. Defendant further objects to this interrogatory on the ground that it is overbroad, burdensome, harassing,

2

and oppressive because the interrogatory is not limited to the applicable statutory period and because it seeks information that is not likely to produce substantiation of the class allegations in Plaintiff's complaint.   Defendant also objects to this interrogatory to the extent that it calls for the disclosure of proprietary and confidential, non-public information or trade secrets.   Defendant also objects to this interrogatory on the ground that it seeks information that is not relevant to Plaintiff's claims and not proportional to the needs of the case because, among other reasons, the burden or expense of the proposed discovery outweighs its likely benefit because the interrogatory requests information which likely exceeds the scope of the commercial connection between AirWatch and Defendant with respect to Defendant's BYOD program and Defendant's use of AirWatch's services in that regard for Defendant's California assistant store managers.

Subject to and without waiving the foregoing objections, Defendant responds as follows:   AirWatch provides commercial software for use on the personal mobile phones of Defendant's California assistant store managers who enroll in Defendant's BYOD program.

**INTERROGATORY NO. 10:**

Describe which of YOUR applications AirWatch granted access to during the RELEVANT TIME PERIOD.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects to this interrogatory on the ground that it is vague and ambiguous, including with respect to the term "applications" and the phrase "granted access to."   Defendant further objects to this interrogatory on the ground that it is overbroad, burdensome, harassing, and oppressive because it seeks information that is not likely to produce substantiation of the class allegations in Plaintiff's complaint. Defendant also objects to this interrogatory to the extent that it calls for the disclosure of proprietary and confidential, non-public information or trade secrets.   Defendant

also objects to this interrogatory to the extent that it calls for electronically stored information that Defendant does not keep in the ordinary course of business and does not ordinarily maintain in a reasonably usable form. Defendant also objects to this interrogatory on the ground that it seeks information that is not relevant to Plaintiff's claims and not proportional to the needs of the case because, among other reasons, the burden or expense of the proposed discovery outweighs its likely benefit because the interrogatory requests information which likely exceeds the scope of the commercial connection between AirWatch and Defendant with respect to Defendant's BYOD program and Defendant's use of AirWatch's services in that regard for Defendant's California assistant store managers.

Subject to and without waiving the foregoing objections, Defendant responds as follows: After Defendant's California assistant store managers sign Defendant's Individual User Acknowledgement and Agreement – Mobile Device Management and download AirWatch, they may choose to also download the following mobile applications:

| Name of Application | Description of Application |
| --- | --- |
| 415 – C | Innovations Lab. |
| Apollo | Sends push notifications when trucks arrive. |
| Box for EMM | Business class cloud storage application. |
| CAT | Store Modular Learning Tool. |
| MFT | Enables users to create posts for their store's local Facebook Page. |
| Mobile Sourcing | Digital buy trip process. |
| My Productivity | Provides the ability to perform different work related functions and activities based on associates roles and responsibilities. |

4

| My Walmart Schedule | Provides visibility into associate's schedules, approved time off requests, and allows associates to pick up unfilled shifts. |
|---|---|
| Notes | Users may create notes to share with their store teams. |
| Operation Beats | Mobile dash boarding application for implementation, support and development for associates. |
| Sam's Fresh App | Sam's Fresh sales |
| Sourcing & Procurement | Enables a digital buy trip process |
| Team Walmart | Allows users to stay up-to-date on Walmart news. |
| Walmart Schedule | Store level scheduling. |
| Walmart Single Sign-On | Android application to allow applications to use the same sign-on for multiple apps. |
| Wire | Launches the Air Watch Browser and launches the WIRE. |
| WMT Talent | The Walmart Talent application enables transparent and timely feedback, alignment on strategic goals, and focus on individual and team growth. |

**INTERROGATORY NO. 11:**

Identify (by name, address and telephone number) which of YOUR Employees has the most knowledge of AirWatch during the RELEVANT TIME PERIOD.

**RESPONSE TO INTERROGATORY NO.11:**

Defendant objects to this interrogatory on the ground that the proper method to obtain the identity of Defendant's persons most qualified is via Federal Rule of Civil

5

DEFENDANT'S RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET TWO

Procedure, Rule 30(b)(6).  Defendant also objects to this interrogatory on the ground that it is vague and ambiguous because it is not limited to the allegations in the operative complaint or the services AirWatch provides in connection with Defendant's BYOD program.  Defendant further objects to this interrogatory on the ground that it is overbroad, burdensome, harassing, and oppressive because it seeks information that is not likely to produce substantiation of the class allegations in Plaintiff's complaint.  Defendant also objects to this interrogatory to the extent that it calls for the disclosure of proprietary and confidential, non-public information or trade secrets.  Defendant also objects to this interrogatory on the ground that it seeks information that is not relevant to Plaintiff's claims and not proportional to the needs of the case because, among other reasons, the burden or expense of the proposed discovery outweighs its likely benefit because the interrogatory requests information which likely exceeds the scope of the commercial connection between AirWatch and Defendant with respect to Defendant's BYOD program and Defendant's use of AirWatch's services in that regard for Defendant's California assistant store managers.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Brian Cowart, Director – Walmart Technology.  Mr. Cowart may be contacted through defense counsel.  Defendant reserves the right to designate an alternative or additional individual to testify as a Rule 30(b)(6) deponent.

**INTERROGATORY NO. 12:**

Identify (by name, address and telephone number) which COVERED EMPLOYEES you authenticated to use AirWatch.

**RESPONSE TO INTERROGATORY NO.12:**

Defendant objects to this interrogatory on the ground that it is vague and ambiguous, including with respect to the term "COVERED EMPLOYEES." Defendant further objects to this interrogatory on the ground that it is overbroad, burdensome, harassing, and oppressive because the interrogatory is not limited to the

applicable statutory period and because it seeks information that is not likely to produce substantiation of the class allegations in Plaintiff's complaint. Defendant also objects to this interrogatory on the ground that it seeks information that is not relevant to Plaintiff's claims and not proportional to the needs of the case because, among other reasons, the burden or expense of the proposed discovery outweighs its likely benefit because the fact that Defendant may have authenticated an assistant store manager for purposes of downloading AirWatch does not mean that the assistant store manager actually downloaded AirWatch or any of Defendant's mobile applications on their personal phone. Defendant also objects to this interrogatory on the ground that it seeks disclosure of information protected by the Constitutional and statutory rights to privacy, including private information relating to third parties. *See* California Constitution Article I, Section 1. Defendant also objects to this interrogatory to the extent that it calls for electronically stored information that Defendant does not keep in the ordinary course of business and does not ordinarily maintain in a reasonably usable form. Defendant further objects to the interrogatory because courts ordinarily refuse to allow discovery of putative class members' identities at the pre-certification stage because of the concern that plaintiffs' attorneys are seeking such information to identify potential clients, rather than to establish the appropriateness of class certification.

**INTERROGATORY NO. 13:**

Describe any paperwork COVERED EMPLOYEES had to fill out in order to participate in YOUR BYOD policy.

**RESPONSE TO INTERROGATORY NO.13:**

Defendant objects to this interrogatory on the ground that it is vague and ambiguous, including with respect to the terms "paperwork," "COVERED EMPLOYEES," and "BYOD policy." Defendant further objects to this interrogatory on the ground that it is overbroad, burdensome, harassing, and oppressive because it is

DEFENDANT'S RESPONSES TO PLAINTIFF'S INTERROGATORIES,
SET TWO

not limited to the applicable statutory period and because it seeks information that is not likely to produce substantiation of the class allegations in Plaintiff's complaint. Defendant also objects to this interrogatory on the ground that it seeks information that is not relevant to Plaintiff's claims and not proportional to the needs of the case because, among other reasons, the burden or expense of the proposed discovery outweighs its likely benefit because the fact that one of Defendant's assistant store managers may have signed Defendant's Individual User Acknowledgement and Agreement – Mobile Device Management does not necessarily mean that the assistant store manager actually downloaded AirWatch or any of Defendant's mobile applications on their personal phone.

Subject to and without waiving the foregoing objections, Defendant responds as follows: To enroll in Defendant's BYOD program, Defendant's California assistant store managers must visit the BYOD Connect site and sign Defendant's Individual User Acknowledgement and Agreement – Mobile Device Management.

**INTERROGATORY NO. 14:**

Describe any paperwork COVERED EMPLOYEES received after agreeing to participate in YOUR BYOD policy.

**RESPONSE TO INTERROGATORY NO.14:**

Defendant objects to this interrogatory on the ground that it is vague and ambiguous, including with respect to the terms "paperwork," "COVERED EMPLOYEES," and "BYOD policy." Defendant further objects to this interrogatory on the ground that it is overbroad, burdensome, harassing, and oppressive because it is not limited to the applicable statutory period and because it seeks information that is not likely to produce substantiation of the class allegations in Plaintiff's complaint. Defendant also objects to this interrogatory on the ground that it seeks information that is not relevant to Plaintiff's claims and not proportional to the needs of the case because, among other reasons, the burden or expense of the proposed discovery

outweighs its likely benefit because the fact that one of Defendant's assistant store managers may have signed Defendant's Individual User Acknowledgement and Agreement – Mobile Device Management does not necessarily mean that the assistant store manager actually downloaded AirWatch or any of Defendant's mobile applications on their personal phone.

Subject to and without waiving the foregoing objections, Defendant responds as follows:   After Defendant's California assistant store managers sign Defendant's Individual User Acknowledgement and Agreement – Mobile Device Management, they receive instructions on how to obtain authorization to download AirWatch and Defendant's mobile device applications as well as instructions regarding how to obtain discounts on their personal mobile cellular phone bills through their cell phone carriers.


DATED: February 22, 2018       JAMES R. EVANS, JR.
                               JESUS (JESSE) M. JAUREGUI
                               IAN A. WRIGHT
                               **ALSTON & BIRD LLP**


                               Ian A. Wright
                               Attorneys for Defendant
                               **WAL-MART STORES, INC.**

DEFENDANT'S RESPONSES TO PLAINTIFF'S INTERROGATORIES,
SET TWO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Prado v. Wal-Mart Stores, Inc., et al.*
District Court of California
Central District
Case No. 2:17-cv-05630-AB-KK

### VERIFICATION

I have read the foregoing **DEFENDANT WAL-MART STORES, INC.'S RESPONSES TO INTERROGATORIES, SET TWO** and know its contents. I am a Regional Human Resources Manager with Defendant Wal-Mart Stores, Inc., a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. To the best of my information, knowledge, and belief formed after a reasonable inquiry, the information contained in these Responses is true and accurate. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 21, 2018, at _____Irvine_____, California.

_____Todd Stokes_____
Todd Stokes

DEFENDANT'S RESPONSES TO PLAINTIFF'S INTERROGATORIES,
SET TWO

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Alston & Bird LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, CA 90071. I am over the age of eighteen years and not a party to the action in which this service is made.

On February 22, 2018, I served the document(s) described as:

**DEFENDANT WAL-MART STORES, INC.'S RESPONSES TO PLAINTIFF MARK PRADO'S INTERROGATORIES, SET TWO [WITH VERIFICATION]**

on the interested parties in this action by enclosing the document(s) in a sealed envelope addressed as follows:

| | |
|---|---|
| Shawn C. Westrick (SBN: 235313) **THE WESTRICK LAW FIRM, P.C.** 11075 Santa Monica Blvd., Ste. 125 Los Angeles, CA 90025 | Telephone: (310) 746-5303 Facsimile: (310) 943-3373 Attorneys for Plaintiff **MARK PRADO and Class Members** |

☒   BY MAIL: I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, California 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071.

☒   [Federal]    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 22, 2018, at Los Angeles, California.

_____
Yvonne Fernandez

EXHIBIT C

# THE WESTRICK LAW FIRM, P.C.

THE WESTRICK LAW FIRM, P.C.
11075 Santa Monica Blvd., Ste. 125
Los Angeles, CA 90025
Phone: 310-746-5303
Fax: 310-943-3373

SHAWN C. WESTRICK
Direct Dial: 310-746-5303
swestrick@westricklawfirm.com

April 19, 2018

**VIA US MAIL & EMAIL**

Ian A. Wright, Esq.
Alston & Bird, LLP
333 S. Hope St., 16th Fl.
Los Angeles, CA 90071

Re:    Prado v. Wal-Mart Stores, Inc.

Dear Mr. Wright:

The purpose of this letter is to request within the next 10 calendar days a pre-filing conference of counsel, pursuant to Rule 37-1 of the Central District Local Rules, in connection with Defendant's inadequate and evasive responses to Plaintiff's Requests for Production of Documents, Set Two and Plaintiff's Interrogatories, Set Two.

Rule 26(b)(1) permits discovery in civil actions of "any matter, not privileged, that is relevant to the claim or defense of any party…" Fed. R. Civ. P. 26(b)(1). "'Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute.'" *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 635 (C.D. Cal. 2005) (quoting *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998)). "Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of information even though the information may not be admissible at the trial." *Id.* (citing *Jones v. Commander, Kansas Army Ammunitions Plant*, 147 F.R.D. 248, 250 (D. Kan. 1993)).

Under the Federal Rules, a party resisting discovery carries a heavy burden of showing why discovery was denied and the basis for its objections. *Blankenship v. Heart Corp.*, 519 F. 2d 418, 429 (9th Cir. 1975); *Oakes*, 179 F.R.D. at 283 (the party who resists discovery has the burden to show that discovery should not be allowed and must clarify, explain and supports is objections). General or boilerplate objections are not proper. *United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649 (C.D. Cal. 2007). Boilerplate or generalized objections are inadequate and tantamount to not making any objection at all. *Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999). Specifically, objections that requests are vague, overly broad,

burdensome, oppressive and irrelevant are insufficient to meet a party's burden to explain why discovery requests are objectionable. *Id.* at 649; *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F. 2d 1482, 1485 (5th Cir. 1990). Therefore, Plaintiff will ignore these improper objections.

To facilitate Plaintiff's discussion, I will separately address the Interrogatories and Requests for Production of Documents.

**Interrogatories**

Defendant provided evasive responses to Interrogatory No. 12.

*Interrogatory No. 12:*

Interrogatory number 12 seeks the identities of all putative class members who you authenticated to use AirWatch. Defendant's objections are without merit. The definition of COVERED EMPLOYEES limits the time scope for the interrogatory. Obviously, since the onset of the litigation Plaintiff's case has been focused on Defendant's use of putative class members' cell phones without reimbursement, it is disingenuous to suggest that the information sought is irrelevant. As we have discussed at length, Plaintiff does not believe that Defendant's claims that it cannot tell who signed up for its BYOD program actually used is a defense to providing the underlying information. Further responses are necessary.

**Requests for Production**

Rule 34 is one of the discovery tools available to litigants in the federal courts. *Keith H. v. Long Beach Unified School Dist.*, 228 F.R.D. 652, 655 (C.D. Cal. 2005). It broadly provides that "[a]ny party may serve on any other party a request … to produce … any designated documents … which are in the possession, custody, or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a). "Control is defined as the legal right to obtain documents upon demand." *United States v. Int'l Union of Petroleum and Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989). Thus, "[a] party responding to a Rule 34 production request . . . 'is under an affirmative duty to seek that information reasonably available to [it] from [its] employees, agents, or others subject to [its] control.'" *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992) (citation omitted); *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006).

*Request Nos. 13 and 14:*

Request number 13 seeks all emails sent to putative class members regarding your BYOD policy. Defendant's objections are without merit. As discussed above, the definition of COVERED EMPLOYEES limits the time scope. Plaintiff is happy to have the names of putative class members redacted. A further response is necessary.

Request number 14 seeks all documents related to AirWatch. Defendant's objections are without merit. If Defendant's relationship with AirWatch extends beyond the BYOD program, please let me know so we can discuss whether those documents may in fact be relevant to Plaintiff's case. However, the AirWatch documents are relevant as it may explain whether Defendant knows or has access to documents and information relevant to this case. If any documents were withheld due to privilege, please produce a privilege log immediately. A further response is necessary.

Please let me know when you are available to meet and confer. I look forward to speaking with you.

THE WESTRICK LAW FIRM, P.C.

Sincerely,

/s/ Shawn C. Westrick
Shawn C. Westrick