UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-5630-AB (KKx)** | Date: | July 18, 2018 |
| Title: | ***Mark Prado v. Wal-Mart Stores, Inc., et al*** | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) Order (1) Granting Defendant's Motion to Compel Further Responses to Interrogatory [Dkt. 25]; and (2) Granting in Part and Denying in Part Defendant's Motion to Compel Responses to Requests for Production [Dkt. 26]**

On June 27, 2018, Plaintiff Mark Prado ("Plaintiff") filed Motions to Compel Defendant Wal-Mart Stores, Inc. ("Defendant") to provide further responses to (1) Plaintiff's Interrogatories, Set Two, No. 12; and (2) Plaintiff's requests for Production, Set Two, Nos. 13 and 14.  ECF Docket Nos. ("Dkts.") 25, 26.

For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motions to Compel.

**I.**
**RELEVANT BACKGROUND**

This case arises out of Defendant's alleged violation of Plaintiff's rights under California labor and wage laws.  Dkt. 1-1, ¶ 20.  On June 23, 2017, Plaintiff initiated this action by filing a Class Action Complaint against Defendant in Los Angeles Superior Court setting forth the following causes of action: (1) failure to reimburse Plaintiff and class members for use of their personal cell phones for work-related business; (2) failure to pay Plaintiff and those class members no longer employed by Defendant wages earned and unpaid at the time of discharge, or within seventy-two hours of their terminating employment; (3) intentional and willful failure to

provide employees with complete and accurate wage statements; and (4) unlawful policy and practice of requiring employees, including Plaintiff and class members, to use their cell phones for work purposes.  Id. at ¶¶ 30-31, 37, 44, 51.

On July 28, 2017, Defendant removed the action to this Court.  Dkt. 1.  On August 4, 2017, Defendant filed an Answer.  Dkt. 7.

On October 26, 2017, the Court issued a Scheduling Order setting a non-expert discovery cut-off date of September 3, 2018 and a jury trial for January 29, 2019.  Dkt. 17.

On November 21, 2017, the Court approved the parties' Stipulated Protective Order.  Dkt. 20.

On January 23, 2018, Plaintiff served on Defendant Interrogatories, Set Two, and Requests for Production, Set Two.  Dkt. 25-2, Declaration of Shawn C. Westrick ("Westrick ROG Decl.") ¶ 3, Exh. A; Dkt. 26-2, Declaration of Shawn C. Westrick ("Westrick RFP Decl.") ¶ 3, Exh. A.

On February 22, 2018, Defendant served on Plaintiff responses to Plaintiff's Interrogatories, Set Two, and Plaintiff's Requests for Production, Set Two.  Westrick ROG Decl., ¶ 4, Ex. B; Westrick RFP Decl., ¶ 4, Ex. B.

On April 19, 2018, Plaintiff's counsel sent Defendant's counsel a letter setting forth the alleged deficiencies in Defendant's responses to the Interrogatories and Requests for Production.  Westrick ROG Decl., ¶ 5; Westrick RFP Decl., ¶ 5.

On an unknown subsequent date, counsel for both parties met and conferred regarding the Interrogatories and Requests for Productions that are the subject of the instant Motions.  Westrick ROG Decl., ¶ 6; Westrick RFP Decl., ¶ 6.

On June 27, 2018, Plaintiff filed the instant Motions to Compel Responses to Interrogatories and Requests for Production with Joint Stipulations pursuant to Local Rule 37-2.  Dkts. 25, 26.  On July 5, 2018, Defendant filed a Supplemental Memorandum in support of its Opposition to Plaintiff's Motions to Compel.  Dkts. 27, 28.  On the same day, Plaintiff filed a Supplemental Memorandum in support of his Motions to Compel.  Dkts. 29, 30.  On July 9, 2018, Defendant filed Objections to and Motions to Strike the Supplemental Declaration of Shawn C. Westrick filed with Plaintiff's Supplemental Memorandum.  Dkts. 31, 32.

The Motions thus stand submitted.[1]
///

_____

[1] As an initial matter, the Court declines to analyze the issue of standing Defendant raises in the Motions to Compel and its Supplements.  The proper avenue to challenge standing is for Defendant to file a motion with the District Judge.

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections." A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (faulting defendant for making "boilerplate objections to almost every single request for production, including broad relevancy objections, objections of 'overly burdensome and harassing,' 'assumes facts not in evidence,' privacy, and attorney-client privilege/work product protection").

"A party seeking discovery may move for an order compelling an answer, . . . production, or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

"The party moving to compel bears the burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit." Bluestone Innovations LLC v. LG Elecs. Inc., No. C-13-01770 SI (EDL), 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013). In addition, "[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." Centeno v. City of Fresno, No. 1:16-CV-653 DAD SAB, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).

Finally, "[p]rior to certification of a class action, discovery is generally limited and in the discretion of the court." Del Campo v. Kennedy, 236 F.R.D. 454, 459 (N.D. Cal. 2006). "Although in some cases a district court should allow discovery to aid the determination of

---

whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations.  Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion."  Mantolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir. 1985), as amended (Aug. 27, 1985).  "In determining whether to grant discovery the court must consider its need, the time required, and the probability of discovery resolving any factual issue necessary for the determination. . . . Where the necessary factual issues may be resolved without discovery, it is not required."  Kamm v. Cal. City Dev. Co., 509 F.2d 205, 210 (9th Cir. 1975).

## III.
## DISCUSSION

### A.  INTERROGATORY

#### 1.  Applicable Law

Federal Rule of Civil Procedure 33 governs interrogatories to parties.  See Fed. R. Civ. P. 33.  "The responding party must serve its answers and any objections within 30 days after being served with the interrogatories."  Fed. R. Civ. P. 33(b)(2).  "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).  "The grounds for objecting to an interrogatory must be stated with specificity.  Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."  Fed. R. Civ. P. 33(b)(4).

#### 2.  Interrogatory No. 12

Plaintiff's Interrogatory No. 12 states: "Identify (by name, address and telephone number) which COVERED EMPLOYEES [Defendant] authenticated to use AirWatch."  Dkt. 25-1 at 5.  Plaintiff defines "COVERED EMPLOYEES" as "all persons EMPLOYED by [Defendant] in the State of California within the RELEVANT TIME PERIOD, as assistant store managers or those positions with similar duties and/or similar titles who had [Defendant's] applications added to their cell phones."  Id.

Plaintiff asserts that the interrogatory is relevant and proportional to Plaintiff's claim.  Dkt. 25-1 at 6-8.  Plaintiff argues, "Plaintiff's complaint [] makes clear that Defendant used its employees' personal cell phones for work purposes without reimbursement".  Dkt. 30 at 3.  Plaintiff seeks "information about which of its employees it authorized to use the software [(AirWatch)] to run [Defendant's] applications on employees' personal cell phones."  Id. at 2.

Defendant objects to Plaintiff's interrogatory on the grounds that (1) "The term 'COVERED EMPLOYEES' is vague and ambiguous, requests information that is not relevant to Plaintiff's claims and that is not proportional to the case, is overbroad, burdensome, harassing, and oppressive"; and (2) "The interrogatory seeks private information in violation of

Constitutional and statutory rights to privacy and seeks improper pre-certification discovery." Dkt. 25-1 at 9-10.

Defendant adds in its Supplement that "case law supports Defendant's privacy objections regarding its employees' personal information" because "Defendant's employees communicated their private information to Defendant through confidential employment-related forms with the expectation that such confidentiality would be maintained." Dkt. 27 at 3-4. Defendant argues "Plaintiff has not shown, nor can he show, how the need for such information outweighs the privacy rights of the putative class members in this class." Id.

Here, Plaintiff has met his burden of "demonstrating why the information sought is relevant and why the responding party's objections lack merit." See Bluestone Innovations, 2013 WL 6354419, at *2. The Court finds that which employees Defendant authenticated to use its cell phone software on their personal phones relevant and proportional to determining issues of numerosity and commonality and, thus, identifying similarly situated class members. See Bluestone Innovations, 2013 WL 6354419, at *2.

To the extent Defendant raises any legitimate privacy concerns, privacy does not completely bar discovery of protected material; rather, it generally requires balancing the needs of the party seeking discovery with the burden of production. See Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995). Here, the Court finds privacy concerns can be mitigated by the Stipulated Protective Order already issued. See Soto, 162 F.R.D. at 617; Dkt. 20.

Hence, Plaintiff's Motion to Compel a further response to Interrogatory No. 12 is GRANTED subject to the parties' Stipulated Protective Order.

## B.      REQUESTS FOR PRODUCTION

### 1.      Applicable Law

Federal Rule of Civil Procedure 34 governs requests for production of documents. See Fed. R. Civ. P. 34. "The party to whom the [Request for Production] is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). The requesting party "is entitled to individualized, complete responses to each of the [Requests for Production] . . . , accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." Louen v. Twedt, 236 F.R.D. 502, 505 (E.D. Cal. 2006).

### 2.      Request for Production No. 13

Plaintiff's Request for Production No. 13 states: "Produce ALL emails sent to COVERED EMPLOYEES regarding your BYO[D] [(Bring Your Own Device)] policy." Dkt. 26-1, 5. Plaintiff defines "COVERED EMPLOYEES" in the same manner as above. Id.

Plaintiff asserts this production seeks records that "Defendant maintain[ed] . . . of the California assistant store managers who have signed Defendant's Individual User Acknowledgment and Agreement – Mobile Device Management." Dkt. 29 at 3. Plaintiff argues he is "entitled to this information for purposes of not only understa[nd]ing what Defendant told its employees about the BYOD policy, but, how many people were told, and which people were told." Id. at 3-4. Plaintiff explains that "[t]hese documents will assist Plaintiff in determining the class size and potential membership in the class." Id. at 4.

Defendant objects to Plaintiff's interrogatory on the grounds that (1) "The terms 'COVERED EMPLOYEES' and 'BYO[D] policy' are vague and ambiguous, do not describe the documents sought with reasonable particularity, and would entail a search for potentially responsive ESI that would be unreasonably expensive"; and (2) "The request is compound, overbroad, burdensome, harassing, and oppressive, seeks production of documents that are not relevant to Plaintiff's claims and that are not proportional to the needs of the case, and seeks production of private information in violation of Constitutional and statutory rights to privacy." Dkt. 26-1 at 7, 9.

Here, Plaintiff has met his burden of "demonstrating why the information sought is relevant and why the responding party's objections lack merit." See Bluestone Innovations, 2013 WL 6354419, at *2. The Court finds Plaintiff's request regarding the BYOD policy relevant and proportional to determining issues of numerosity and commonality and, thus, identifying potential class members. Additionally, any privacy issues can be mitigated by the Stipulated Protective Order already issued. See Soto, 162 F.R.D. at 617; Dkt. 20.

Hence, Plaintiff's Motion to Compel a further response to Request for Production No. 13 is GRANTED subject to the parties' Stipulated Protective Order.

### 3.     Request for Production No. 14

Request for Production No. 14 states: "Produce ALL DOCUMENTS RELATED TO AirWatch during the RELEVANT TIME PERIOD." Dkt. 26-1 at 11. Plaintiff defines "RELEVANT TIME PERIOD" to mean "the time period from four years before the filing of the COMPLAINT through the present date." Id. at 5.

Plaintiff argues that from this Request for Production, he "merely wanted to understand the relationship between AirWatch and Wal-Mart." Dkt. 29 at 5.

Defendant objects to Plaintiff's interrogatory on the grounds that (1) "The request is vague and ambiguous, does not describe the documents sought with reasonable particularity, and would entail a search for potentially responsive ESI that would be unreasonably expensive and that Defendant does not keep in the ordinary course of business and does not ordinarily maintain in a reasonably usable form"; and (2) "The request is compound, overbroad, burdensome, harassing, and oppressive, seeks production of documents that are not relevant to Plaintiff's claims and not proportional to the needs of the case, seeks production of private information in

violation of Constitutional and statutory rights to privacy, calls for information protected by the attorney-client privilege and work product doctrine, and seeks disclosure of proprietary and confidential, non-public information and trade secrets." Dkt. 26-1 at 14-15.

Here, Plaintiff fails to meet his "burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit." See Bluestone Innovations, 2013 WL 6354419, at *2. The Court finds the Request is overly broad as it pertains to Plaintiff's allegation of Defendant's policy failing to compensate employee usage of personal cell phones for work-related business. Moreover, information about Defendant and AirWatch's relationship would not help Plaintiff establish numerosity and commonality and, thus, identifying potential class members.

Hence, Plaintiff's Motion to Compel a further response to Request for Production No. 14 is DENIED.

## IV.
## CONCLUSION

Based upon the foregoing reasons, **IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Motions to Compel are **GRANTED IN PART and DENIED IN PART as set forth above**.

(2) **Within ten (10) days** of the date of this Order, Defendant shall provide the following to Plaintiff subject to the parties' Stipulated Protective Order:

    (a) Verified Supplemental Response to Interrogatory 12; and

    (b) Supplemental Response to Request for Production No. 13 as well as any responsive documents.